FILED
07 JAN 29 AM 9:19
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ALLYSON WILLIAMS,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br>JOHN SALAZAR, Acting Warden,<br><br>　　　　　　　　Respondent. | Civil No.　05cv2101 J (RBB)<br><br>**ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS** |

I.　**Introduction**

　　On November 14, 2005, Petitioner filed a petition for writ of habeas corpus [doc. no. 1]. Respondent filed an Answer on May 6, 2006 [doc. no. 10] and Petitioner filed his Traverse on September 11, 2006 [doc. no. 18]. In his Traverse, Petitioner asks this Court to stay the instant petition while he exhausts in state court a claim related to the application of Blakely v. Washington, 542 U.S. 296 (2004) to his case and Cunningham v. California, No. 05-6551, 2007 WL 135687 (U.S. Jan. 22, 2007). Although Petitioner is not specific, the Court assumes Petitioner wishes to challenge the state court's imposition of the upper term on counts two and twenty. For the foregoing reasons the Court **GRANTS** the motion for stay.

/ / /

## II. Analysis

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to grant a stay and abeyance of a mixed petition if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. The Supreme Court made clear in Rhines that because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277.

The Court concludes that Petitioner has demonstrated good cause for his failure to exhaust his claim in state court. See Rhines, 544 U.S. at 278. Petitioner was convicted in state court in 2002. Petitioner filed his appellate brief in 2003. Blakely was not decided until 2004. Had Petitioner attempted to file a habeas corpus petition in state court at that time, he may well have encountered a state procedural bar. See In re Robbins, 18 Cal. 4th 770, 959 P.2d 311, 77 Cal. Rtpr. 2d 153 (1998) (untimeliness bar). It also appears evident that Petitioner would not have fallen under the unconstitutional statute exception to the timeliness bar stated in In re Clark, 5 Cal. 4th 750, 855 P. 3d 729, 21 Cal. Rptr. 2d 509 (1993), as the California Supreme Court held shortly after Blakely in People v. Black, 35 Cal. 4th 1238,

113 P. 3d 534, 29 Cal. Rptr. 3d 740 (Cal. 2005) that California's determinate sentencing law did not run afoul of the Sixth Amendment.

The first inkling Petitioner had that the California Supreme Court's interpretation of Blakely was in doubt was not until, at the earliest, February 21, 2006, when the United States Supreme Court granted certiorari in Cunningham v. California, No. 05-6551, 2007 WL 135687 (U.S. Jan. 22, 2007). And it was not until January 22, 2007, when the Court rejected California's application of Blakely to its determinate sentencing scheme ("DSL") in Cunningham, that Petitioner would have been "on notice" that a Sixth Amendment challenge to his sentence could be successfully brought.

In addition, Petitioner's claims are potentially meritorious. See Rhines, 544 U.S. at 278. Petitioner appears to be challenging the state court's imposition of the upper or aggravated term on counts two and twenty. Cunningham disapproved of this method, holding that "[b]ecause the DSL allocates to judges the sole authority to find facts permitting the imposition of an upper term sentence, the system violates the Sixth Amendment." Cunningham, 2007 WL 135687 at *14.

Finally, as detailed above, "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Rather, it appears that Petitioner was simply caught between the California Supreme Court's erroneous application of Blakely to the DSL in Black and the United States Supreme Court's rejection of that application in Cunningham. Moreover, Petitioner's state habeas petition, in which he seeks to
///

exhaust his <u>Blakely</u> claim, has been pending in the California Supreme Court for over five months.

### III. CONCLUSION

For the foregoing reasons, the Court finds Petitioner is entitled to a stay of the proceedings in this case under <u>Rhines</u>. Accordingly, the Court **ORDERS**:

1. The matter will be **stayed until May 25, 2007**;

2. **On or before May 25, 2007**, Petitioner is directed to file a First Amended Petition containing the three claims in his current federal petition as well as the exhausted <u>Blakely</u> claim **OR** a progress report informing the Court of the status of his state habeas corpus petition.

**IT IS SO ORDERED.**

DATED: Janry 25, 2007

/s/ Ruben B. Brooks
Hon. Ruben B. Brooks
**UNITED STATES MAGISTRATE JUDGE**